IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICKEY L. STEVENSON, etc.,           )
                                     )
                Plaintiff,           )
                                     )
     v.                              )     No.  09 C 2698
                                     )
JOHN H. STROGER, JR., et al.,        )
                                     )
                Defendants.          )

MEMORANDUM ORDER

Cook County has just filed its Notice of Removal ("Notice")
to bring this pro se action brought by Rickey Stevenson a/k/a
Ronnie McAtee ("Stevenson") from the Circuit Court of Cook County
to this District Court (in principal part, though not
exclusively, Stevenson's self-prepared Complaint advances federal
claims under 42 U.S.C. §1983 ("Section 1983"), forming a proper
predicate for federal subject matter jurisdiction).  This
memorandum order is issued sua sponte because of more than one
question raised by the Notice.

At the very outset of the Notice, Cook County refers to
itself as "the only properly served defendant."  True enough, 28
U.S.C. §1441(a)[1] renders irrelevant Stevenson's inclusion of
"Jane and John Doe(s)" as potential defendants for removal
purposes, but the County's ambiguous statement (what is meant by
"properly"?) leaves it unclear whether any of the four

_____

    [1]   All further references to Title 28's provisions will
simply take the form "Section--."

specifically named individual defendants had also been served as of the date the Notice was filed in this District Court.

Moreover, the exhibits attached to the Notice undercut--or perhaps more accurately negate directly--this assertion in Notice ¶6 as to the timeliness of removal:

> That this notice is being filed within thirty (30) days after receipt of the Complaint by defendant and that the time for filing this notice has not expired.

Quite apart from the question whether Stevenson's transmittal of the Complaint and summonses to the Clerk of the Circuit Court of Cook County (documents that were received there on March 19, 2009) might arguably satisfy the provision of Section 1446(b) that starts the 30-day clock for removal after a defendant's receipt of the pleading "through service or otherwise," the copy of the summons attached to the Notice reflects the date of service as April 2, 2009. That means that the County's May 4 filing of the Notice was more than 30 days after such service, thus violating Section 1446(b).

Under the circumstances this Court is entitled to a further explanation from the Cook County State's Attorney's Office as counsel for Cook County. This Court orders that such an explanation be filed (with a hard copy to be delivered to this Court's chambers, as well as a copy being served, of course, on Stevenson) on or before May 18, 2009, absent which it will

2

consider remanding the case to its place of origin.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 7, 2009

_____

[2]  Because Stevenson is a nonlawyer and is surely unlettered in the intricacies of federal procedure, it would be inappropriate to consider him as having waived any question as to the possible untimeliness of the removal--if such is indeed the case.