Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2698 | **DATE** | 9/8/2010 |
| **CASE TITLE** | Rickey Stevenson (#B-36520) v. John Stroger, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

Defendants' motion for miscellaneous relief under 28 U.S.C. § 1915(g) [#81] is denied. Plaintiff's motion to reconsider order denying appointment of counsel [#74] is denied. Defendants are ordered to respond to Plaintiff's motion to compel [#76] within 30 days of the date of this order. Plaintiff's motion for summary judgment [#77] is denied as premature.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants have filed a motion for miscellaneous relief, seeking for the court to stay discovery in this matter or dismiss Plaintiff's complaint, pending payment of all outstanding fees to the Clerk's office based on Plaintiff's status as a "struck-out" inmate pursuant to § 1915(g). Plaintiff has filed a motion to compel and a motion for partial summary judgment.

Plaintiff initially filed suit in this matter in state court, filing under both his real and assumed names (Rickey Stevenson and Ronnie McAtee). Defendants removed the case to federal court on May 4, 2009 and paid the statutory filing fee. Defendants have now filed a motion seeking that all discovery be stayed, or that the case be dismissed, because when the case was originally filed Plaintiff was a "struck-out" inmate who is not permitted to bring a civil action or appeal a judgment without first paying the statutory filing fee, unless he is in imminent danger. *See* 28 U.S.C. § 1915(g). Defendants' motion is denied.

Defendants cite no case law to support their proposition. In one case found by this Court the plaintiff's case was dismissed only after the court found that the plaintiff's initial filing in state court was fraudulent (filed in an attempt to avoid the federal filing fees due and owing, having struck out) and that the complaint was frivolous. *See Davis v. Goss* (Case No. 6:09-257-DCR) 2010 WL 1872871 **6-7 (E.D.KY May 10, 2010) (Reeves, J.) The record before this Court provides no evidence of fraud or frivolousness to support such findings. The Court may and does take judicial notice of the fact that Plaintiff filed his suit in state court under both his real and assumed names, so there was no attempt to hide his identity. [#1 (Exhibit A)] *and see Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996). Further, the Court conducted an initial review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A on February 23, 2010, and found that on its face, Plaintiff stated a cause of action. Consequently, this case is distinguishable from the non-binding *Davis*.

In another non-binding, yet similar case, a United States magistrate judge made a recommendation that was subsequently adopted by the district court to remand the case to state court. *Lisenby v. Lear*, (Case No. 8:09-410-DCN-BHH) 2009 U.S. Dist. LEXIS 125357 **6-7 (D.S.C. March 17, 2009) (Magistrate Judge Hendricks.)
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

*citing Bartelli v. Beard*, 2008 U.S. Dist. LEXIS 72677 (M.D. Pa. 2008) (Kosik, J.) *affirmed and adopted by Lisenby v. Lear,* 2010 U.S. 17597 (D.S.C., Feb 26, 2010) (Norton, J.)  The court in *Lisenby* held that the case should not be dismissed because the Defendants should not be allowed to end meritorious litigation through a procedural maneuver. *Id. citing Lapides v. Board of Regents of the University System of Georgia, et al.*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed. 2d 806 (2002).  This Court shares the concerns of the court in *Lisenby*.  Defendants removed this case to federal court some fifteen months ago and paid the filing fee.  Only now are they raising the issue of Plaintiff's "struck-out" status.  To dismiss Plaintiff's claims now, when he did not file in federal court, would be unfair, and not in the interests of justice.  Consequently, Defendants' motion is denied, and discovery shall continue.

However, a problem remains.  Plaintiff is a frequent litigant and has struck-out under § 1915(g).  He has an outstanding balance with the Clerk's office of no less than $1,075.00.  He remains responsible for paying those outstanding fees.  Accordingly, should Plaintiff prevail in this action, any award granted him shall be first applied to the fees he owes to the Clerk's office, and he will continue to be subject to the § 1915(g) restriction on filing future suits until his balance is paid in full.

Plaintiff has brought a motion to reconsider the Court's prior orders denying appointment of counsel.  As the Court has informed Plaintiff in prior orders, civil litigants do not have a constitutional or statutory right to counsel.  *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002).  Additionally, Plaintiff is an experienced litigator, and in this case alone has proven himself capable of prosecuting his claims.  Consequently, Plaintiff's motion is denied.  Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Plaintiff has filed a motion to compel discovery responses and the Court cannot rule without benefit of Defendants' response.  Consequently, Defendants shall respond to Plaintiff's motion to compel within thirty days of the entry of this order.

Finally, Plaintiff has filed a partial motion for summary judgment, while simultaneously seeking discovery from Defendants.  The motion is premature and is denied, without prejudice.