# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2698 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Rickey L. Stevenson (#B-36520) vs. John H. Stroger, Jr., et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's Motion to Compel and Designate Sanctions [76] is denied. Also, Plaintiff's Third Motion to Compel Discovery and Designate Sanctions [97] is denied as moot, as it merely seeks the same relief as that in Plaintiff's initially filed motion. Finally, Plaintiff's additional pending motion for sanctions [89] is denied, as Plaintiff has not adequately pled that Defendants have misled or engaged in acts of fraud before the Court.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On July 16, 2010, pro se Plaintiff Rickey Stevenson, a/k/a Ronnie L. McAtee, filed a motion to compel discovery and designate sanctions [76]. Plaintiff previously filed two motions to compel discovery in this case, both of which the Court denied. Also, the Court denied Plaintiff's prior motion for sanctions. Plaintiff brings a claim under 42 U.S.C. § 1983 that relates to a back injury he allegedly sustained as a detainee worker on June 25, 2007. He alleges that Defendants Cook County Sheriff Thomas Dart, Cook County Department of Corrections Executive Director Salvador A. Godinez, and a Cermak Health Services employee named J. Maverick were indifferent to his medical needs.

While Defendants have tendered documents pursuant to document requests 7, 8, and 12, as well as answered several of Plaintiff's interrogatories, Defendants object to the majority of Plaintiff's discovery requests as being overly broad, burdensome, irrelevant, and beyond the scope of Defendants' knowledge.

**Document Requests**

Defendants object to the scope of the documents that Plaintiff has requested. After a review of Plaintiff's requests, the Court finds that Defendants' objections are well-founded. For example, Plaintiff asks for all records that relate to Cook County Department of Corrections rules and regulations governing the Cook County Sheriff Correctional Department. As Plaintiff has not raised a *Monell* claim, this sweeping document request is not relevant to Plaintiff's injury. Even if Plaintiff had brought a *Monell* claim, these broad requests would most likely not be relevant. Another example of an irrelevant and overly broad request is one for "[a]ll applicable injunctions, consent decrees and/or judicial orders entered against your predecessor in each separate government body of Cook County" that relate to the aforementioned rules and regulations request. Again, these requests are irrelevant to Plaintiff's complaint, especially considering their almost unlimited scope.

Further, Defendants have complied with requests for discoverable documents. They have provided Plaintiff documents that relate to his alleged injury, a list of the detainee workers who may have witnessed

| STATEMENT |
|---|

this injury, and the records of all grievances that Plaintiff has filed that concern this injury. Accordingly, Plaintiff's motion to compel document production is denied.

### Interrogatories

Plaintiff served essentially the same set of interrogatories on Defendants Dart and Godinez. Defendants object to the majority of the interrogatories as being overly broad, unduly burdensome, irrelevant, beyond the scope of Defendant's personal knowledge, and unlikely to lead to discoverable material. The Court has reviewed the interrogatories, and finds that Defendants were within their rights to object to them. As an example, the Court cannot fathom why Defendants' grade school educations, the details of every specific function of Defendants' jobs, or information regarding judicial orders and consent decrees would be relevant to the specific issue at hand. Moreover, when presented with a relevant and specific question, Dart and Godinez provided sufficient written answers. For example, both answered whether they had any information concerning Plaintiff's alleged June 25, 2007, injury. Each answered: "Defendant was not informed by any CCDOC personnel either 'verbally or through a written incident report' about Plaintiff's alleged injury . . . . Defendant is unaware of any CCDOC personnel that witnessed Plaintiff's (sic) suffer his alleged injury on June 25, 2007."

Plaintiff's motion to compel interrogatory answers is denied.

### J. Maverick

Plaintiff moves to compel a Cermak Health Services worker named J. Maverick to answer written interrogatories. Defendants have informed the Court that Cermak Health Services has no record of a J. Maverick working for them during the relevant time period in 2007 when Plaintiff was treated for his alleged injury. Plaintiff cannot compel a nonexistent party to answer written interrogatories, so his motion to compel in regard to J. Maverick is denied.

### Sanctions

Plaintiff's motion for sanctions involves Defendants' alleged lack of response to the aforementioned discovery requests. Because the Court has denied Plaintiff's motion to compel, Plaintiff has no grounds upon which to base his sanctions motion. This motion is therefore denied.