Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Maria Valdez | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2698 | **DATE** | October 7, 2011 |
| **CASE TITLE** | Rickey Stevenson (#B-36520) v. John Stroger, Jr., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motions to reconsider the Court's order of March 11, 2011, [120], [121] are denied. Plaintiff's motion to reconsider the Court's order of February 23, 2010, [119], dismissing Cook County as a Defendant is granted in part and denied in part. Pursuant to *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009), Cook County is reinstated as a party to this case *solely* for the purpose of indemnifying the named Defendants. Plaintiff will not be permitted to do any discovery relating to Cook County as a party in this case. Plaintiff's motion for leave to submit second amended complaint [124] is denied, and his proposed second amended complaint is stricken as untimely. Defendants' motion for summary judgment [126] is stricken with leave to re-file as it was filed on August 31, 2011, but was never properly noticed by Defendants. Plaintiff's motions to strike [134], stay [135], and extend [136], are denied as moot. Plaintiff's motion to strike his deposition testimony as evidence from Defendants' motion for summary judgment [137] is also denied as moot, however, to the extent that Plaintiff has not had an opportunity to review the deposition transcript for errors, Defendants are ordered to provide a copy of the transcript to Plaintiff for his review for error, prior to re-filing their motion for summary judgment.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff has filed a series of three motions to reconsider prior rulings in this case, two relating to discovery matters (see Judge Leinenweber's order dated March 11, 2011, ECF doc. # 104), and one relating to the Court's initial review of Plaintiff's amended complaint (See Judge Leinenweber's order dated February 23, 2010, ECF doc # 54). With respect to Plaintiff's motions to reconsider prior rulings on motions to compel discovery and for sanctions [##120, 121], the motions are denied. Fed. R. Civ. P. 26 gives the Court the discretion to control the scope of discovery. *See Johnson v. City of Joliet,* Case No. 04 C 6426, 2007 U.S. Dist. LEXIS 10111, *12 (N.D. Ill. February 13, 2007) (Grady, J). Plaintiff is seeking reconsideration of the Court's ruling denying his motions to compel, and for sanctions. The Court determined at the time that Plaintiff's document requests and interrogatories were over-broad, unduly burdensome, and not likely to lead to the discovery of material relevant to Plaintiff's claims.

While the Court erroneously stated in the order that Plaintiff had not stated a claim pursuant to *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978), the Court's error is not the reason the motions were denied. A review of Plaintiff's discovery requests indicates that they were, in fact, over-broad and unduly burdensome. Since that time there is no indication that Plaintiff made any attempt to narrow his requests or otherwise make them more reasonably calculated to lead to the discovery of evidence admissible at trial. Accordingly, Plaintiff's motions to reconsider denial of his motions to compel and for sanctions are denied.

Plaintiff also seeks reconsideration of the Court's order dismissing Cook County as a Defendant, pursuant to *Askew v. Sheriff of Cook County*, 568 F.3d 632, 636 (7th Cir. 2009). That motion is granted in part and denied in part. Plaintiff is correct that the Seventh Circuit has held that counties are necessary parties in suits in which

| Rickey Stevenson (#B-36520) v. John Stroger, Jr., et al. | AWL/yp |
|---|---|

| STATEMENT |
|---|

County employees are being sued for damages for civil rights violations. *Id.* However, Cook County is not a party for purposes of liability. It is only reinstated as a party to the extent that it will be required to indemnify any Defendant should Plaintiff prevail on th merits of his case. Accordingly, while Cook County is reinstated as a party pursuant to *Askew*, Plaintiff will not be permitted any further or additional discovery with respect to Defendant Cook County.

With respect to Plaintiff's motion for leave to file a second amended complaint, Plaintiff seems to indicate in his brief motion that he seeks to correct deficiencies with respect to his *Monell* claim, and to name the John Doe Defendants included in his amended complaint (See Plaintiff's motion for leave to amend Doc. #124). The statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Plaintiff filed suit in this matter on May 4, 2009. This case had been pending for 28 months when Plaintiff finally sought to name the John Doe Defendants. As he did not name them within two years of the incident(s) underlying his complaint, his motion for leave to amend is denied and the proposed second amended complaint is stricken. With respect to correcting any deficiencies on his *Monell* claim, the Court found on initial review pursuant to 28 U.S.C. § 1915, that Plaintiff had stated an official capacity claim, so no such deficiency exists. Plaintiff must proceed against the named Defendants he has served, on the claims the Court identified in its order of February 23, 2010, in his amended complaint.

Defendants filed their motion for summary judgment in this case on August 31, 2011. However, they have never noticed the motion to be heard by the Court. According to Local Rule 5.3(b), all motions must be presented no more than 14 days after they have been delivered to the Court pursuant to Local Rule 78.1. As Defendants have not noticed the motion to be presented as required under the Local Rules, the motion is stricken with leave to re-file. Plaintiff's motion to strike Defendants' Local Rule 56.1 statement of facts is denied as moot. However, to the extent that, as Plaintiff contends, any statement contained in the 56.1 statement is not adequately supported by the record, Defendants are encouraged to correct that problem should they decide to re-file the motion.

Plaintiff's motion to stay ruling on the motion for summary judgment and motion for enlargement of time to respond to the motion for summary judgment are denied as moot.

Finally, Plaintiff's motion to strike Defendants' usage of his deposition testimony in support of their motion for summary judgment is denied as moot. Plaintiff contends that he reserved signature at the end of the deposition, but has not reviewed the transcript for accuracy. To the extent that Plaintiff has not been afforded the opportunity to review the transcript for errors, Defendants are ordered to facilitate Plaintiff's receipt of a copy of the transcript for review, to determine the accuracy of the recording of his answers. To the extent that Defendants intend to rely on the testimony as evidence in support of their renewed motion for summary judgment, they should wait to file their renewed motion until Plaintiff has had an opportunity to review the deposition transcript.

Rickey Stevenson (#B-36520) v. John Stroger, Jr., et al.