**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICKEY STEVENSON (#B-36520),** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 09 C 2698** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **THOMAS J. DART et al.,** | ) | **Maria Valdez** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Rickey Stevenson, also known as Ronnie McAtee, presently in state custody at Pontiac Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983. This case was originally brought in state court, but on May 4, 2009, Defendants removed it to federal court. Plaintiff has "struck-out" pursuant to 28 U.S.C. § 1915(g). Stevenson alleges that Defendants Cook County Sheriff Thomas Dart, Former Cook County Jail Executive Director, Salvador Godinez, and J. Maverick[1], instituted an official policy at the Cook County Jail of failing to provide constitutionally adequate medical care to the prisoners, and to him specifically with respect to injuries he sustained while working in the kitchen at the Cook County Jail.

[1]Defendants state, and Stevenson admits, that Defendant J. Maverick was named as a Defendant, in error. (*See* Doc. Nos. 142, ¶ 50, and 156.) Consequently, Defendant J. Maverick is dismissed as a Defendant.

Before the Court are multiple motions, including Stevenson's motions for partial summary judgment [Doc. No. 77]; for appointment of counsel [Doc. No. 150]; to strike Defendants Local Rule 56.1 statement of undisputed facts [Doc. No. 154]; and to take judicial notice [Doc. No. 160]; as well as Defendants' motions for summary judgment [Doc. No. 140] and to strike Stevenson's response to Defendants' Local Rule 56.1 statement of undisputed facts and supporting exhibits [Doc. No. 161]. Defendants argue in their motion for summary judgment that: (1) Stevenson's state law claims are time barred under the relevant one-year statute of limitations, set forth by the Illinois Tort Immunity Act, 745 Ill. Comp. Stat. § 10/8-101; (2) Stevenson failed to exhaust his administrative remedies prior to filing suit, as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997 e(a); (3) Stevenson has failed to show that Defendants were deliberately indifferent; and (4) Stevenson has failed to establish a widespread practice or policy sufficient to establish a claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

The record before the Court establishes that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The remaining motions are either denied in their entirety or are granted in part and denied in part as described in this opinion.

## I. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins*., 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc*., 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" (Doc. 141) as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Stevenson's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1, even though the plaintiff is proceeding *pro se*. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *see also Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.") *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). But despite being given notice, Stevenson failed to adequately respond to many of Defendants' Rule 56.1 statement of facts. (*See* Pl.'s Resp. to Defs.' L.R. 56.1 Statement of Material Facts [Doc. No. 156].)

Because Stevenson is proceeding *pro se*, the Court will consider the factual assertions he makes in his statement of facts brought to support his motion for partial summary judgment as well as those he makes in response to Defendants' Local Rule 56.1 Statement of Material Facts, but only to the extent that they are

adequately supported by reference to the record as required, or to the extent that Stevenson could properly testify about the matters at trial – that is, only with respect to those facts within his personal knowledge. *See* Fed. R. Evid. 602.

## II. FACTS

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, from Stevenson's response to Defendant's motion for summary judgment to the extent that the facts are within his personal knowledge, and from the statement of facts Stevenson submitted with his own Motion for partial summary judgment. In this suit, Stevenson alleges that on June 25, 2007, he suffered an injury to his back when he was working in the kitchen in the Cook County Jail in Division 11. (Defs.' L.R. 56.1 ¶ 6, Plaintiff's Dep. at 7-8, 13, 15-17.)[2] Stevenson claims that he injured his back after the Aramark

[2]Plaintiff's deposition transcript is attached to Defendants' Local Rule 56.1 statement [Doc. No. 127] submitted with their prior motion for summary judgment [Doc. No. 126]. Additionally, Plaintiff has filed a motion to strike, attempting to discount any of Defendants' statements of fact relying on Plaintiff's deposition testimony, noting that he "reserved signature" and wanted to review the accuracy of the transcript of the deposition. Plaintiff suggests that the Court should not rely on the transcript in deciding the subject motion; however, he has not specified any inaccuracy in the transcript and the Court has no other cause to doubt its accuracy. Plaintiff's testimony was sworn, and the court reporter attested to the accuracy of the transcript. Therefore, the transcript appears to comport with Federal Rule of Civil Procedure 30. In any event, a party cannot create questions of fact and/or credibility by belatedly issuing contradictory statements that ameliorate or contradict prior sworn statements, at least not without further support in the record. *See Jones v. Moore,* No. 03-56-CJP, 2006 U.S. Dist. LEXIS 19611, at *9 n.2, (S.D. Ill. March 25, 2006) (citing *Darnell v. Target*, 16 F.3d 174, 176-77 (7th Cir. 1994)). Further, Plaintiff cites to his deposition testimony himself, seemingly waiving any argument he might have with respect to its accuracy.

Food Service supervisor requested him to pick up deep dish pans and stack the serving lines. (Defs' L.R. 56.1 ¶ 8, Pl.'s Dep. at 17.)

The Cook County Jail established a grievance procedure that was available to all inmates, including Plaintiff, in June 2007. (Defs.' L.R. 56.1 ¶ 42, Defs.' Ex. D, John Mueller, CCJ Program Services, Aff. at 1; Pl.'s Ex. F.) Stevenson filed a total of four grievances related to the incident on June 25, 2007. (Defs.' L.R. 56.1 ¶ 43; Pl.'s Compl. ¶ 27; Pl.'s Ex. F; Pl.'s Dep. at 36-43, 59, 60, 116-20.) All four grievances expressed Stevenson's concern that he had not yet received back surgery and the grievances specifically requested "corrective back surgery." (Defs.' L.R. 56.1 ¶ 43, Pl.'s Dep. at 38.)

Stevenson acknowledges he received responses to each one of his grievances. (Defs.' L.R. 56.1 ¶ 44, Pl.'s Dep. at 38, 60, 117-20.) Stevenson was not satisfied with the responses because they did not provide him with the surgery he requested. (Defs.' L.R. 56.1 ¶ 45, Pl.'s Dep. at 36-43, 59, 60, 117-20.) Stevenson did not appeal any of the four grievances he filed despite the grievance clearly stating on the second-page of the form and directly below his signature denoting receipt: "APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE." (Defs.' L.R. 56.1 ¶ 46, Pl.'s Dep. at 117-20; Pl.'s Ex. F.)[3] According to the Cook County Jail's detainee grievance policies, a detainee is

---

[3]While Plaintiff admits in response to Defendants' L.R. statement of fact 46 that he failed to appeal three of the four grievances attempting to deny a failure to appeal the fourth grievance, he fails to cite to the record in support of his partial denial. Local Rule 56.1(b)(3)(B) requires for any statement that the non-moving party is attempting to contest

required to properly exhaust all departmental remedies before filing a related lawsuit. (Defs.' L.R. 56.1 ¶ 47, Ex. D, Aff. of John Mueller at 1.)[4] The proper exhaustion of all administrative remedies includes filing an appeal contesting the "grievance response" before filing a related lawsuit. (*Id.*) Plaintiff is an experienced litigator, having previously been a litigant in eighteen civil rights lawsuits, most, if not all, directed at State and County Correctional personnel. (Defs.' L.R. 56.1 ¶ 1.)

## III. ANALYSIS

### A. <u>Stevenson Failed to Exhaust his Administrative Remedies</u>

The Court cannot entertain Stevenson's deliberate indifference claim because Defendants have demonstrated that he failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must

---

that the statement be accompanied by some citation to the record or other supporting material, supporting the denial of the proposed uncontested fact. The Court may require strict compliance with the Local Rule, which this Court does. *See Yancick v. Hanna Steel Corp*, No. 10 C 1368, 2011 U.S. App. LEXIS 15896, at *7-8 (7th Cir. Aug. 3, 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010)). Defendants' L.R. Statement of Fact 46 is deemed admitted in its entirety.

[4]Plaintiff has also failed to cite to the record in his attempt to deny Defendants' L.R. 56.1 statement of fact 47. Consequently, it is deemed admitted.

utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (barring a prisoner from pursuing relief in federal court where he failed to avail himself of the administrative grievance process in a timely manner). In order to exhaust, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001).

Stevenson alleges in this suit that on June 25, 2007, while working in the kitchen at the Cook County Jail, he injured his back. (Defs.' L.R. 56.1 ¶¶ 6, 8.) After he was injured, Stevenson submitted four grievances regarding the incident, and the resulting need for healthcare. (Defs.' L.R. 56.1 ¶ 43.) While Stevenson received responses to these grievances, he did not appeal any of them. (Defs.' L.R. 56.1 ¶¶ 44, 45.)

Plaintiff has admitted that the Cook County Jail had a grievance procedure in place in 2007, but attempts to dispute the fact that it was available to him. (Defs.' L.R. 56.1 ¶ 42; Pl.'s Resp. to Defs.' L.R. 56.1 ¶ 42.) However, a prisoner's lack of awareness of a grievance procedure, does not excuse compliance. *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007) (citing *Chelette v. Harris*, 229

F.3d 684, 688 (8th Cir. 2000)) (noting that 42 U.S.C. § 1997e(a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001) (finding that assistant attorney general responding to prisoner's informal complaint had no duty to inform prisoner of prison's formal grievance procedures).

Furthermore, there is no suggestion here of any affirmative misconduct on the part of the jail to prevent Stevenson from learning about and pursuing the grievance procedure. *See Dole v. Chandler*, 438 F.3d 804, 809. As such, he bore the responsibility of taking the appropriate steps to comply with the proper procedure. *See Yousef*, 254 F.3d at 1221; *Chelette*, 229 F.3d at 688.

As further evidence that Stevenson knew of and understood the grievance policy, he includes in his submissions copies of the grievances he submitted at the time, and admits that he submitted four grievances regarding his alleged injuries. (Pl.'s Ex. F; Defs.' L.R. 56.1 ¶ 43.) The Court finds that no reasonable trier of fact could determine that the grievance process was unavailable to Plaintiff at the time of his alleged injury. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Additionally, Stevenson is a frequent and experienced litigator, having brought no fewer than eighteen civil rights suits against state and county correctional employees, since 1993. (Defs.' L.R. 56.1 ¶ 1.) The front of the Cook

County Jail grievance form includes a section for appeals and the language: "APPEALS MUST BE MADE WITHIN 14 DAYS OF THE DATE THE DETAINEE RECEIVED THE RESPONSE." (Defs.' L.R. 56.1 ¶ 46.) It is undisputed that Stevenson failed to appeal the four grievances that he submitted regarding his injuries and subsequent medical care, prior to filing suit. (Defs.' L.R. 56.1 ¶¶ 44-45.) It is also undisputed that a detainee at the Cook County Jail is required to properly exhaust all departmental remedies before filing a related lawsuit. (Defs.' L.R. 56.1 ¶ 47.)

To satisfy the PLRA's exhaustion requirement, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Ford*, 362 F.3d at 398. Stevenson did not exhaust his administrative remedies prior to filing suit for two reasons. First, he admits to failing to appeal three of his four grievances and, with respect to the fourth, he does not provide adequate evidence of the appeal. Instead he generally refers to complaints he made to a Lieutenant Mayweather with respect to the response that he got to the grievances, but all of the appeals sections of the grievance forms are blank, (*see* Pl.'s Ex. F), and the unchallenged affidavit of John Mueller indicates that there is no record of Plaintiff filing an appeal to any of his grievances, (*see*

Defs.' Ex. E). Second, the Court must accept as admitted Defendants' L.R. 56.1 paragraphs 46 and 47, which state that Plaintiff did not appeal his grievances, because Plaintiff's responses did not adequately cite to the record in support of his denials to those paragraphs.

As the evidence is clear that Stevenson did not fully exhaust his administrative remedies prior to filing suit, summary judgment is granted in favor of Defendants. Furthermore, because it is now too late for Stevenson to avail himself of grievance procedures, dismissal of that claim is with prejudice. *See, e.g., Pozo*, 286 F.3d at 1023-24; *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Hope v. Velasco*, No. 01 C 1574, 2004 WL 417198, at *4 (N.D. Ill. Feb. 23, 2004).

**B. <u>Plaintiff's Motions</u>**

Plaintiff filed a motion for partial summary judgment [Doc. No. 77], a motion to strike Defendants' L.R. 56.1 statement of facts [Doc. No. 154], a motion for appointment of counsel [Doc. No. 150], and a motion for the Court to take judicial notice of a U.S. Justice Department Report regarding the quality of medical care provided to detainees at the Cook County Jail [Doc. No. 160]. Plaintiff's motion for partial summary judgment contends that there is no material question of fact that Defendants were deliberately indifferent to his serious medical needs. But because Plaintiff did not exhaust his administrative remedies prior to filing suit, this Court cannot rule on his substantive claim. *See* 42 U.S.C. § 1997e(a); *see also Massey v.*

*Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001).

With regard to Plaintiff's motion to strike Defendants' L.R. 56.1 statement of facts, Plaintiff is correct that some of the statements include multiple statements of fact within a single numbered paragraph. However, the errors did not render the statements somehow incomprehensible or unwieldy, and the Court declines to strike those statements. As for Plaintiff's concerns regarding use of his medical prescriptions and history, that material was not considered by the Court because Defendants' motion was decided solely on the issue of exhaustion. Plaintiff also attacks Defendants' documents with regard to proper foundation. Rule 56 requires merely that Defendants make proper citation to the record, which they have done. Consequently, the Court determines that this and the rest of Plaintiff's contentions are merely argumentative and declines to strike Defendants L.R. 56.1 statement of facts. Plaintiff's motion for the Court to take judicial notice of the U.S. Justice Department Report regarding quality of medical care provided to prisoners at the Cook County Jail is denied as moot, because the motion for summary judgment was decided solely on the issue of exhaustion. Plaintiff's motion for appointment of counsel is denied as moot.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment [Doc. No. 140] is granted. Defendants' motion to strike Stevenson's response to their L.R. 56.1 statement of facts [Doc. No. 161] is granted in part and denied in part.

Stevenson's motions for partial summary judgment [Doc. No. 77], motion to strike Defendants' L.R. 56.1 statement of facts [Doc. No. 154], motion for appointment of counsel [Doc. No. 150], and motion for the Court to take judicial notice of a U.S. Justice Department Report regarding the quality of medical care provided to detainees at the Cook County Jail [Doc. No. 160] are denied.

**SO ORDERED.** **ENTERED:**

**DATE: March 22, 2012**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**