# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Maria Valdez | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2698 | **DATE** | 8/31/2012 |
| **CASE TITLE** | Rickey Stevenson (#B-36520) v. John Stroger, Jr., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file motion to reconsider [Doc. No. 175] is granted. The motion to reconsider is construed by the Court to be a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and is denied. Plaintiff's motion for writ of habeas corpus ad testificandum or in the alternative for a telephone or video conference [Doc. No. 174] is denied. Plaintiff's motion to substitute judge [Doc. No. 176] is denied as moot. This case remains closed on the Court's docket.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

On March 22, 2012, the Court entered a memorandum opinion and order granting judgment for Defendants on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit in this case. This matter is now before the Court on Plaintiff's motion for leave to file a motion to reconsider [Doc. No. 175], which attached the motion to reconsider as required. The motion for leave to file is granted. The Court construes Plaintiff's motion to reconsider as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and that motion is denied. Rule 60(b) provides for six separate grounds for relief from judgment, including: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

None of the reasons given for relief under Fed. R. Civ. P. 60(b) are present in this case. Plaintiff's complaint involved an injury he sustained while working in the kitchen at the Cook County Jail on June 25, 2007. In its dismissal order, the Court found that Plaintiff had failed to exhaust his administrative remedies prior to filing suit, because he failed to provide evidence that he had appealed the four grievances he filed regarding his injury on June 25, 2007. Essentially, Plaintiff is arguing with the Court's reasoning. He argues that because he was transferred from the Cook County Jail on June 27, 2007, two days after his injury, he had no available administrative remedies. However, the record before the Court indicated that Plaintiff acknowledged receiving responses to each of his four grievances. (*See* Mem. Op. at 6 [Doc. No. 168].) Although he was unsatisfied with the responses to those grievances, he admitted that he had failed to appeal three of them, and he did not provide adequate evidence of the fourth appeal. (*See id*. at 10.) Plaintiff failed to cite to the record in his denial of Defendants' Local Rule 56.1 Statements of Fact 46 and 47, which stated that: (1) Plaintiff failed to appeal any of the four grievances he filed regarding his June 25, 2007 injury; and (2) Cook County Jail's detainee grievance policy requires that detainees properly exhaust all departmental remedies prior to filing a related lawsuit, and proper exhaustion includes filing the required appeal contesting the response to the grievance.

Plaintiff was provided the L.R. 56.2 "Notice to Pro Se Litigant Opposing Motion for Summary Judgment," (*see* Doc. No. 141), as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. Further, the Seventh Circuit has "routinely

**STATEMENT**

held that a district court may strictly enforce compliance with its local rules regarding summary judgment motions." *Yancick v. Hanna Steel Corp*, No. 10 C 1368, 2011 U.S. App. LEXIS 15896, at **7-8 (7th Cir. Aug. 3, 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010)).

A motion for summary judgment "requires the responding party to come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). Plaintiff's admissions to Statements of Fact 46 and 47 established that although Plaintiff submitted four grievances regarding the June 25, 2007 incident, he failed to appeal and complete the administrative process. Therefore, the Court's ruling was not in error and Plaintiff's motion for relief from judgment is denied.

Plaintiff also submits a motion for writ of habeas corpus ad testificandum or in the alternative to participate in a telephone or video conferenced status hearing. The motion is denied. Plaintiff further seeks a substitution of judge. As his Rule 60(b) motion is denied, this case remains closed on the Court's docket and the motion is denied as moot.

If Plaintiff wishes to appeal the final judgment in this case, he may file a notice of appeal in this court within thirty days. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is advised that, pursuant to that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.